# HARRISON DREW

*v.*

# WILLIAM DRURY.

SURETY—*release*—*extension of time of payment.* The question was raised in this case, whether a "*joint and several*" promissory note is within the rule, that a valid and binding agreement to extend the time of payment to the principal, without the assent of the surety, will operate as a release of the latter from liability.

But the case was decided upon another question involving the weight of the evidence.

APPEAL from the Circuit Court of Mercer county; the Hon. JOHN S. THOMPSON, Judge, presiding.

This was an action of *assumpsit* instituted in the court below, by William Drury against Harrison Drew and William Garrett, upon the following promissory note :

" On or before the first day of January next, we, or either of us, promise to pay to the order of Thomas Green, one hundred and twenty dollars, with ten per cent. interest from date, value received.

WILLIAM GARRETT.

"MARCH 8, 1857.      HARRISON DREW."

The note was assigned by Green to the plaintiff below, before its maturity. The defendant Drew, who alone was served with process, pleaded the general issue, and under that plea set up as a defense, personal to himself, that he was only a security on the note sued upon, and that he was released from his liability thereon by reason of an agreement having been entered into between the holder and the principal maker of the note, to extend the time of payment, without his assent.

There was evidence introduced upon the trial in regard to that subject, but it seems to have been insufficient to establish the identity of this note with the one upon which the extension was given. That evidence is set forth in the opinion of the court. However, the plaintiff below recovered a judgment for the amount of the note and interest, and thereupon the defendant, Drew, took this appeal.

He now insists that the judgment of the Circuit Court was erroneous, because the evidence was sufficient to show an extension of time of payment to the principal, upon the note sued upon ; and as that was done without his assent, he was thereby released.

Messrs. C. S. HARRIS, and H. M. WEAD, for the appellant, insisted that the proof established the fact that Drury, the holder of the note, had agreed with Garrett, the principal, for a valuable consideration, to extend the time of payment beyond its maturity; that Drew, the surety in the note, did not consent to this agreement, *and therefore he was released.*

Citing, *Walters* v. *Simpson et al.*, 2 Gilm. 574; *Davis* v. *People*, 1 Gilm. 319; *Warner* v. *Crane*, 20 Ill. 151.

Messrs. GLOVER, COOK & CAMPBELL, for the appellee, contended, that it was not shown by the proof that the note about which the witnesses testified, was the note upon which this suit was brought. But if it were, this note is a joint and several note; it is not the case of a surety at all. The language of the note is—"We jointly and severally promise to pay." Both makers contract with the payee as principals, and this contract cannot be varied by parol testimony. *Paine* v. *Webster*, 19 Ill. 104.

Whatever the rule in equity may be, the rule at law, they contended, is, that as between the payee and the makers of a note like this, both makers are principals: that where a party purchases a note of this sort, he is to look to the note itself, to ascertain what the liabilities of the parties are, and is not affected by any verbal statement of the contract differing from that mentioned in the note. And cited the following cases : *Strong* v. *Foster*, 17 C. B. 201; *Hollier* v. *Eyre*, 9 Clark and F. 45 ; *Ress* v. *Barrington*, 2 Ves., Jr. 542 ; *Pooley* v. *Haridure*, 7 Ellis and B. 40; *English Law and Eq.* 96; *Manley* v. *Baycott*, 2 Ellis and B. 46 ; *Farrington* v. *Gallaway*, 10 Ohio, 543 ; *Slipper* v. *Fisher*, 11 ib. 299 ; *Yates* v. *Donaldson*, 5 Md. 389 ; *Bull* v. *Allen*, 19 Conn. 101 ; *Kriter* v. *Mills*, 9 Cal. 21 ; *Sprigg* v. *Bank of Mt. Pleasant*, 10 Peters, 257.

Mr. JUSTICE WALKER delivered the opinion of the Court.

Appellant insists that he was released from liability on the note upon which this suit was brought, by the holder extending the time for its payment after its maturity. It appears from the evidence, that appellant is only security on the note. Willetts testified, that in October, 1857, he paid some money on a note, being at the rate of twenty per cent., and upon the condition, that appellee would extend the time of

payment. It was for interest already due, as well as for interest still to accrue, for either six or twelve months in advance. That at the time he made the payment, appellee agreed to extend the time of payment, until the expiration of the time for which the interest was paid. That he did not remember to have seen the note; did not know the amount; to whom it was given; but understood it to be for about $125. He thinks he paid probably about $37.50, which was made to obtain an extension of time of payment.

When appellant learned of the transaction, a few days after it occurred, he expressed dissatisfaction, and said, that he had given appellee notice to sue upon the note, and if appellee had given time, it would release him.

Whilst an extension of time for the payment of a note, beyond its maturity, is clearly proved, yet the evidence fails to indentify it as the note sued upon in this case. The witness did not see the note, and did not know that appellant's name was on it. He understood it to be for a different amount from the one in controversy. He does not give the date, state when it was due, the rate of interest it bore, to whom it was given, or any facts that identify it with the note in controversy. The only evidence which might tend to prove it to be the same, is, that it was held by appellee, but whether as payee or assignee does not appear, and if it did, the witness understood that he made payment on a note for a different amount. There was no evidence showing that this was the only note appellee held, to which appellant was a party. Taken all together this evidence is too weak to make out the defense, and the finding of the jury cannot be disturbed.

The judgment of the court below must be affirmed.

*Judgment affirmed.*